# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## (Alexandria, Division)

| | |
|---|---|
| **JOHN C. GRIMBERG COMPANY, INC.** | |
| *Plaintiff*, | |
| v. | Civil Action No. _____ |
| **HISCOX INSURANCE COMPANY, INC.** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT

Plaintiff, John C. Grimberg Company, Inc. (Grimberg) is a general contractor that is currently constructing a school in Quantico, Virginia for the Department of the Navy. Grimberg is an additional insured under one or more insurance policies sold by Defendant, Hiscox Insurance Company, Inc. (Hiscox). Although Hiscox is obligated to provide insurance coverage to Grimberg, Hiscox refuses to do so. Accordingly, Grimberg brings this Complaint for declaratory judgment and breach of contract.

## PARTIES, JURISDICTION, AND VENUE

1. Grimberg is a company incorporated under the laws of state of Maryland with its principal place of business in Rockville, Maryland.

2. Grimberg is registered to transact business in the Commonwealth of Virginia and its registered office is located in Glen Allen, Virginia.

3. Hiscox is an insurance company incorporated under the laws of the state of Illinois with its principal place of business in Chicago, Illinois.

4. Hiscox is registered to transact business in the Commonwealth of Virginia and its registered office is located in Richmond, Virginia, and at all relevant times Hiscox was selling insurance policies covering risks in Virginia.

5. This Complaint arises from insurance policies that cover a construction project in Quantico, Virginia.

6. This Court has jurisdiction over the request for declaratory judgment under Federal Rule of Civil Procedure 57 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

7. This Court has diversity jurisdiction over this Complaint under 28 U.S.C. § 1332(a) because this is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division, under 28 U.S.C. § 1391(b)(1) and (c)(2) because:

   a. this Complaint arises from insurance policies that cover a construction project in Quantico, Virginia, which is located in the Alexandria Division of the Eastern District of Virginia;

   b. Grimberg and Hiscox maintain licenses to transact business in the Commonwealth of Virginia;

   c. Hiscox's registered office and Grimberg's registered offices are located within the Eastern District of Virginia; and

   d. Grimberg and Hiscox are subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

### *The Construction Project in Quantico, Virginia*

9. On November 20, 2017, the Navy awarded Grimberg a contract for the construction of a school located at the Marine Corps Base Quantico in Quantico, Virginia (the Project). Grimberg's performance of the contract with the Navy is ongoing, and the Project is not yet complete.

10. To perform its contract with the Navy, Grimberg entered into a subcontract with The PCS Group (PCS), in which PCS agreed to, among other things, install the insulated-concrete-form (ICF) wall systems required for the Project.

2

11. The Navy identified various construction defects in the Project, including defects with the ICF walls PCS constructed. On July 28, 2021, the Navy directed Grimberg to demolish and reconstruct the ICF walls. **Exhibit A**, Navy Demolition Letter (July 28, 2021). Subsequently, the Navy proposed a settlement with Grimberg to resolve their dispute.

12. Because PCS's defective work caused Grimberg to incur liability to the Navy, Grimberg sought coverage under the Hiscox Policy or Policies as an additional insured.

13. As of the date of this Complaint, PCS's defective work has caused damage in excess of $2 million. **Exhibit B** at 5, Correspondence re Work Plan Matrix for ICF Walls, *with attachment* (Feb. 7, 2022).

### *Hiscox's Insurance Policies*

14. Hiscox sold two commercial general liability insurance policies to PCS and related entities (collectively, the "Policies"; individually, the "Policy").

15. The first Policy was effective March 7, 2019 to March 7, 2020, and the second Policy was effective from March 7, 2020 to March 7, 2021

16. PCS provided Grimberg with a Certificate of Liability Insurance dated March 7, 2019 certifying, among other things, that: (1) Hiscox sold the 2019–2020 Policy to PCS; (2) the limit for each occurrence under the 2019-2020 Policy is $1 million, with a general aggregate limit of $2 million; (3) there is an umbrella-liability limit of $5 million; and (4) Grimberg is an additional insured. **Exhibit C** at 3, Certificate of Liability Insurance.

17. The 2020–2021 Policy has a per occurrence limit of $2 million and no evidence has been uncovered indicating umbrella coverage in connection with the 2020-2021 Policy. *See* **Exhibit D** at 1, Policy Effective from 2020–2021. **Exhibit D** is a true and correct copy of the 2020-2021 Policy.

18. The "named insured" under the 2020–2021 Hiscox Policy is PCS. **Exhibit D** at 7.

19. Grimberg is an "additional insured[]" under the Policy. *See* **Exhibit D** at 3 ("[a]utomatic status for additional insured"), *id.* at 35 (Endorsement 8, "Additional Insured – Automatic Status").

20. An endorsement to the 2020–2021 Hiscox Policy sets forth the relevant additional-insured language:

    A. **Section II – Who Is An Insured** is amended to include as an additional insured any person(s) or organization(s) for whom you are performing operations or leasing a premises when you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

    1. In the performance of your ongoing operations; or

    2. In connection with your premises owned by or rented to you.

        A person's or organization's status as an additional insured under this endorsement ends when your operations or lease agreement for that additional insured are completed.

    **Exhibit D** at 35.

21. Additional relevant language from the same Policy relating to the scope of coverage states:

    SECTION I – COVERAGES
    COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
    1. Insuring Agreement
        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which

4

this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

\*   \*   \*

SECTION V – DEFINITIONS

\*   \*   \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*   \*   \*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**Exhibit D** at 11, 24–25 (bold typeface omitted).

22. Grimberg has requested the 2019–2020 Hiscox Policy from Hiscox on multiple occasions, but it has not yet received a copy of that Policy. Upon information and belief, the relevant Policy language of the 2019–2020 Hiscox Policy is the same as the 2020–2021 Hiscox Policy.

5

*Hiscox Refuses to Provide Coverage*

23. No later than July and August 2021, Grimberg provided notice of a claim for coverage as an additional insured. **Exhibit E**, July Letter (July 19, 2021); **Exhibit F**, August Letter, *with attachments* (Aug. 20, 2021).

24. Between September 2021 and March 2022, Grimberg had numerous communications with Hiscox and provided numerous documents relating to its claim for insurance coverage. During this period, Grimberg also repeatedly asked for Hiscox's coverage position. S*ee e.g.,* **Exhibit G**, Grimberg Request for Status of Coverage Decision, *with attachment* (Oct. 27, 2021); **Exhibit H**, Hiscox Information Request, *with attachment* (Nov. 2, 2021); **Exhibit I**, Grimberg Response Forwarding Documents Requesting Consent to Settle to With The Navy, *with attachments* (Nov. 3, 2021); **Exhibit J**, Letter Requesting Coverage Position (Dec. 15, 2021).

25. Despite Grimberg's correspondence, cooperation and repeated requests for coverage, Hiscox has failed to provide a coverage position over a nine-month period.

## COUNT I – DECLARATORY JUDGMENT

26. Grimberg incorporates paragraphs 1 to 25.

27. Hiscox has an obligation to provide Grimberg with insurance coverage under the Policy or Policies as an additional insured arising out of the Navy's claims due to PCS's performance of its operations.

28. Hiscox refuses to provide insurance coverage under the Policy or Policies to Grimberg.

29. Accordingly, there is an actual and justiciable controversy concerning Hiscox's obligations to Grimberg and Grimberg's rights under the Policy or Policies.

## COUNT II – BREACH OF CONTRACT

30. Grimberg incorporates paragraphs 1 to 25.

31. Hiscox is obligated to provide insurance coverage to Grimberg for liability arising out of PCS's performance of PCS's operations at the Project.

32. Grimberg has submitted a claim that is covered under the Hiscox Policy or Policies.

33. No exclusion bars coverage for Grimberg's claim.

34. Hiscox's refusal to provide coverage for Grimberg's claim is a breach of its contractual obligations to Grimberg.

35. As a result of Hiscox's breach, Grimberg has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Grimberg requests that this Court enter judgment in its favor as follows:

1. Compensatory and consequential damages against Hiscox in an amount to be proven at trial;

2. Prejudgment and post judgment interest;

3. An award of court costs and attorneys' fees and costs incurred in obtaining the benefits due under the Policy or Policies;

4. Interest on such court costs and attorneys' fees and costs;

5. Declaratory judgment in favor of Grimberg and against Hiscox declaring that the Policy or Policies provides coverage, in whole or in part, for amounts incurred in connection with Grimberg's claim; and

6. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Grimberg demands a trial by jury for all the triable issues according to Federal Rule of Civil Procedure 38 and Local Civil Rule 38.

Dated: March 28, 2022

                                                     Respectfully submitted,

**JOHN C. GRIMBERG COMPANY, INC.**

                                           */s/ Arnie B. Mason*
Arnie B. Mason, Esq. (VSB #45611)
**WILLIAMS MULLEN**
8350 Broad Street, Suite 1600
Tysons, VA 22102
Telephone: (703) 760-5200
Facsimile:   (703) 748-0244
amason@williamsmullen.com

*Pro hac vice applications forthcoming*:
Andrew M. Reidy
Rosemary A. Loehr
Lowenstein Sandler LLP
2200 Pennsylvania Avenue NW
Suite 500E
Washington, DC 20037
Telephone:  (202) 753-3800
areidy@lowenstein.com
rloehr@lowenstein.com

*Counsel for Plaintiff*
*John C. Grimberg Company, Inc.*