UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN C. GRIMBERG COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-338 (AJT/IDD) |
| HISCOX INSURANCE COMPANY INC., | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| PROGRESSIVE CONSTRUCTION SOLUTIONS GROUP, LLC, | ) |
| Third-Party Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Third-Party Plaintiff Hiscox Insurance Company Inc.'s ("Hiscox") Motion for Default Judgment against Third-Party Defendant Progressive Construction Solutions Group, LLC ("PCS"). Dkt. No. 55. After PCS failed to secure substitute counsel by the Court ordered deadline or otherwise continue to defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Third-Party Complaint, Hiscox's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Count 1 of Hiscox Insurance Company's Amended Third-Party

1

Complaint.[1]

## I. INTRODUCTION

Plaintiff John C. Grimberg Company ("JCG") filed its Complaint against Hiscox, on March 28, 2022, claiming that JCG was an additional insured under an insurance policy that Hiscox provided to PCS. Dkt. No. 1. JCG was the prime contractor for the construction of a school at the Marine Corp Base in Quantico, Virginia for the U.S. Navy ("School Project"). *Id.* JCG entered into a subcontract with PCS, in which PCS agreed to install the insulated concrete form walls ("ICF Walls") required for the School Project. *Id.* After PCS installed the ICF Walls, the Navy notified JCG of construction defects in the installed walls and directed JCG to demolish and reconstruct the walls. *Id.* JCG and the Navy later settled their dispute, and as of the date of the Complaint, JCG alleged that PCS's defective work caused damages in excess of $2 million. *Id.* In its Complaint, JCG sought declaratory judgment that Hiscox had an obligation to provide insurance coverage to JCG, as an additional insured under the Policy to PCS, and that Hiscox's refusal to provide coverage constituted a breach of contract. *Id.* On April 13, 2023, JCG filed a Stipulation of Dismissal as to the claims against Hiscox, representing that JCG and Hiscox had reached a settlement agreement on their claims, and the Court dismissed JCG's complaint that same day. Dkt. Nos. 75, 76.

Hiscox filed its Third-Party Complaint against PCS on May 9, 2022, and later filed an Amended Third-Party Complaint on September 30, 2022. Dkt. Nos. 10, 79. Hiscox sought declaratory judgment against PCS on three counts: (I) that no coverage is available to PCS because the "property damage" at issue was not caused by an "occurrence" as required by the Policy; (II) that the Business Risk Exclusions in the Policy preclude coverage for the wall system

---

[1] Because Plaintiff seeks the same relief on all three counts, declaratory judgment as to insurance coverage, it is not necessary to address Counts II and III. *See* Dkt. Nos. 77, 79.

defects; and (III) that the Impaired Property Exclusion precludes coverage for all "property damage" to "impaired property." Hiscox also pled a fourth count of rescission, but this claim was voluntarily dismissed on December 12, 2022. Dkt. No. 48.

PCS, through counsel, filed its Answer to the Third-Party Complaint on July 1, 2022. Dkt. No. 27. On September 13, 2022, counsel for PCS filed a Motion to Withdraw, which the undersigned granted on September 28, 2022. Dkt. Nos. 31, 37. In the September 28, 2022 Order, the undersigned further directed PCS to retain new counsel and file a notice of appearance by October 5, 2022. Dkt. No. 37. Since then, PCS has not retained new counsel nor filed a notice of appearance. Dkt. Nos. 55, 77.

Hiscox first filed for Default Judgment against PCS on February 3, 2023. Dkt. No. 55. Following Hiscox and JCG's settlement and the dismissal of JCG's complaint, Hiscox filed a Notice of Renewal of Motion for Default Judgment against Third-Party Defendant PCS, on April 26, 2023. Dkt. No. 77.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Hiscox is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois. Dkt. Nos. 77, 79. PCS is an Ohio Limited Liability Company with its principal place of business in Ohio, and whose sole member is an Ohio citizen. Dkt. Nos. 77, 79. Therefore, the parties are completely diverse. In its initial complaint, JCG claimed the damages sought to be covered by the insurance policy to be at least $2 million. Dkt. No. 1. Thus, the amount in controversy requirement is met.

This Court also has personal jurisdiction over this action. For this Court to exercise personal jurisdiction, two requirements must be satisfied. First, Virginia's long-arm statute must authorize the exercise of jurisdiction. *CFA Inst. V. Inst. Of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Second, if that authorization exists, then the Due Process Clause of the Fourteenth Amendment requires that the defaulting defendant has sufficient minimum contacts with the forum state. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 205 (4th Cir. 2001). Particularly, the Defendant's conduct must have such a connection with Virginia that it is fair for Defendant to be required to defend itself in a court in the Commonwealth. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). This claim arises out of PCS's work on a subcontract in Quantico, Virginia, therefore PCS has sufficient minimum contacts with Virginia such that it is fair to require PCS to defend itself in Virginia. Therefore, this Court's exercise of personal jurisdiction is proper. Venue also is appropriate in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this judicial district.

### B. Service of Process

A summons was issued as to PCS on May 25, 2022. Federal Rule of Civil Procedure 12(h) states that certain defenses, including insufficient service of process, are waived if they are not included in a responsive pleading. In this case, PCS did file an Answer to the Third-Party Complaint on July 1, 2022, and PCS did not raise a claim regarding insufficient service of process. Dkt. No. 27. Therefore, PCS effectively waived any potential defense based on improper service of process when it filed its Answer, and service is deemed proper.

### C. Grounds for Default Judgment

JCG filed its Complaint against Hiscox on March 28, 2022. Dkt. No. 1. Hiscox filed its Third-Party Complaint against PCS on May 9, 2022, and later filed an Amended Third-Party Complaint on September 30, 2022. Dkt. Nos. 10, 79. PCS, through counsel, filed its Answer to the Third-Party Complaint on July 1, 2022. Dkt. No. 27. On September 13, 2022, counsel for PCS filed a Motion to Withdraw, which the undersigned granted on September 28, 2022. Dkt. Nos. 31, 37. In the September 28, 2022 Order, the undersigned further directed PCS to retain new counsel and file a notice of appearance by October 5, 2022. Dkt. No. 37. Since then, PCS has not retained new counsel nor filed a notice of appearance. Dkt. Nos. 55, 77. Hiscox first filed for Default Judgment against PCS on February 3, 2023. Dkt. No. 55. Following Hiscox and JCG's settlement and the dismissal of JCG's complaint, Hiscox filed a Notice of Renewal of Motion for Default Judgment against Third-Party Defendant PCS,[2] on April 26, 2023. Dkt. No. 77.

The Court held a hearing on the matter on July 14, 2023. Dkt. No. 82. After PCS failed to retain counsel, appear at the July 14, 2023 hearing, or otherwise defend this action, the undersigned magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual

---

[2] JCG filed an Opposition to Hiscox's Motion for Default Judgment Against the PCS Group on February 17, 2023, Dkt. No. 61, in response to Hiscox's first Motion for Default Judgment. JCG requested that the Court not rule on Hiscox's Motion for Default Judgment until the dispute between JCG and Hiscox was resolved. Dkt. No. 61. Hiscox and JCG notified the Court that they reached a settlement and filed a Stipulation of Dismissal of Complaint with Prejudice on April 13, 2023. Dkt. No. 75. Accordingly, JCG's February 17, 2023 Opposition to the Motion for Default Judgment is moot, and Hiscox's Motion for Default Judgment is currently unopposed.

allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### Count 1 – Declaratory Judgment as to "Occurrence"

Under Virginia law,[3] "the interpretation of a contract is a question of law." *Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 638 (E.D. Va. 2009) (citing *City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc.*, 271 Va. 574, 578 (2006)). An insured

---

[3] In evaluating Plaintiff's claim, this Court applies Virginia law since this Court has diversity jurisdiction and should apply the choice of law rules of the forum state.

has the burden to establish coverage under the terms of the policy. *Bituminous Cas. Corp. v. Sheets*, 239 Va. 332, 336 (1990). The Fourth Circuit has held that courts "should give the language its plain and ordinary meaning and enforce the policy as written." *See Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 419 (4th Cir. 2004).

For the reasons that follow, the undersigned finds that the ICF Wall defects do not constitute an "occurrence" that fall within the coverage of the Policy.

Hiscox issued two identical insurance policies to PCS: the 19-20 Policy, effective for the policy period of March 7, 2019, to March 7, 2020, and the 20-21 Policy, effective for the policy period of March 7, 2020, to March 7, 2021 ("the Policies"). Dkt. No. 79. The Policies provide coverage under "Coverage A Bodily Injury and Property Damage Liability" ("Coverage A"). Dkt. Nos. 11-1, 79. In relevant part, Coverage A provides that Hiscox "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." Dkt. Nos. 11-1, 79. Coverage A further states that "[t]his insurance applies to . . . 'property damage' only if . . . [the] 'property damage' is caused by an 'occurrence.'" Dkt. Nos. 11-1, 79. The Policies define "property damage" as "physical injury to tangible property, including all resulting loss of use of that property." Dkt. Nos. 11-1, 79. The Policies define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Dkt. Nos. 11-1, 79.

After PCS finished installing the ICF Walls in or around February 2020, the JCG's audit report revealed "poor concrete consolidation in the ICF Walls." Dkt. No. 79. JCG further investigated and determined that "pervasive voids . . . and incorrect placement of critical reinforcing steel bars" caused the ICF Walls to be defective. *Id.* At the direction of the Navy, JCG demolished and reconstructed the ICF Walls and has continued to incur significant costs due to the defects, including entering into an agreement with the Navy to settle claims related to

the defective walls. *Id.* JCG sent letters to PCS, stating that PCS is obligated to reimburse it for the costs of curing the ICF Wall defects. *Id.* PCS sought coverage for these costs from Hiscox under Coverage A of the Policies. *Id.* Hiscox contends that the ICF Wall defects do not constitute "property damage" caused by an "occurrence" as defined in Coverage A of the policies. *Id.*

The plain meaning of the Policies' definition of an "occurrence" is that an "occurrence" is an "accident," Dkt. No. 11-1, and a subcontractor's defective work does not fall within the plain meaning of an accident. Further supporting Hiscox's argument, the Policies' exclusion regarding "Damage To Impaired Property or Property Not Physically Injured" states that insurance coverage does not apply to property damage arising out of "[a] defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work.'" Dkt. Nos. 11-1, 79. The Policies define "your work" to mean "[w]ork or operations performed by you or on your behalf; and [m]aterials, parts or equipment furnished in connection with such work or operations." Thus, even if the ICF Wall defects were considered to be an "occurrence" under Coverage A of the Policies, the insurance coverage does not apply because the property damage, the ICF Wall defects, was caused by PCS's own defective work in constructing the ICF Walls. Accordingly, the undersigned finds that the insurance Policies issued by Hiscox to PCS do not provide coverage to PCS in connection with the ICF Wall defects.

### III.    RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Third-Party Plaintiff Hiscox Insurance Company Inc.'s Motion for Default Judgment Against Third-Party Defendant Progressive Construction Solutions Group, LLC [Dkt. Nos. 55, 77] be **GRANTED**. Accordingly, the undesigned Magistrate Judge recommends that an Order be

entered declaring that Hiscox is not obligated to provide insurance coverage to PCS in connection with the ICF Wall defects.

## IV. <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

October 19, 2023
Alexandria, Virginia

9