IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN C. GRIMBERG COMPANY, INC. ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:22-cv-338 (AJT/IDD) |
| ) | |
| HISCOX INSURANCE COMPANY, INC., ) | |
| ) | |
| *Defendant/Third-Party Plaintiff.* ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE CONSTRUCTION ) | |
| SOLUTIONS GROUP, LLC, ) | |
| ) | |
| *Third-Party Defendant.* ) | |
| ) | |

**ORDER**

Third-Party Plaintiff Hiscox Insurance Company, Inc. ("Hiscox") has filed a Motion for Default Judgment [Doc. Nos. 55, 77] against Third-Party Defendant Progressive Construction Solutions Group, LLC ("PCS"). On October 19, 2023, the Magistrate Judge issued a Report and Recommendation [Doc. No. 83] (the "R&R") recommending that a default judgment be entered in favor of Hiscox and against PCS as to Count I of Hiscox's Amended Third-Party Complaint. Plaintiff John C. Grimberg Company, Inc. ("JCG")[1] has filed a timely objection requesting that the Court expressly limit the preclusive effect of the default judgment to Hiscox's third-party claim against PCS, without any effect on JCG's other claims, adjustments, or litigation against JCG's other insurers related to the same underlying construction project.[2] [Doc. No. 85].

---

[1] JCG settled with Hiscox and was dismissed from this action on April 13, 2023. [Doc. No. 75].
[2] Federal Rule of Civil Procedure 72 permits only a "party" to file such objections, although a nonparty has been deemed to have standing to file an objection to an R&R if the nonparty has a "concrete interest" that would be adversely affected by the R&R. *See, e.g., Carroll v. Thestreet.com, Inc.*, No. 11-cv-81173, 2013 WL 9839118, at *1 (S.D. Fla. Oct. 2, 2013) (permitting a nonparty to file an objection to an R&R); *In re Ulmans*, No. 1:23-mc-23, 2023

Having conducted a *de novo* review of the record, the Court adopts and incorporates the findings and recommendations of the Magistrate Judge in full, and further finds the requested limitations on the default judgment to be warranted and appropriate.

Accordingly, it hereby

**ORDERED** that Third-Party Plaintiff Hiscox Insurance Company, Inc.'s Motion for Default Judgment [Doc. Nos. 55, 77] be, and the same hereby is, GRANTED; and it is further

**ORDERED** and **DECLARED** that Third-Party Plaintiff Hiscox is not obligated to provide insurance coverage to Third-Party Defendant Progressive Construction Solutions Group, LLC; and it is further

**ORDERED** that a default judgment be, and the same hereby is, ENTERED on Count One of the Amended Third-Party Complaint [Doc. No. 79] against Third-Party Defendant Progressive Construction Solutions Group, LLC, and that this default judgment shall not have any preclusive, res judicata, collateral estoppel, or other effect on any dispute between Plaintiff John C. Grimberg Company, Inc. and its other insurers.

The Clerk is directed to enter judgment in accordance with this Order in favor of Third-Party Plaintiff Hiscox Insurance Company, Inc. pursuant to Fed. R. Civ. P. 58 and to forward copies of this Order to all counsel of record and to Third-Party Defendant Progressive Construction Solutions Group, LLC's last-known address.

Alexandria, Virginia
December 13, 2023

Anthony J. Trenga
United States District Judge

---

WL 3412769, at *1 (S.D. N.Y. May 12, 2023) (considering whether a nonparty had a "concrete interest" before concluding that it was unnecessary to resolve the issue). JCG was a party to this case before it settled its claims with Hiscox; and regardless of whether JCG is considered at this point a "nonparty," its claims against other liability insurers related to the same construction project provide a sufficient "concrete interest" to permit it to file an objection to the R&R.